UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KATHLEEN MCCORMICK, | Case No. 2:20-CV-471 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| ANDERSON BUSINESS ADVISORS, LLC, | |
| Defendant(s). | |

Presently before the court is defendant Anderson Business Advisors, LLC's motion to dismiss the amended complaint. (ECF No. 12). Plaintiff Kathleen McCormick responded, (ECF No. 14), to which defendant replied, (ECF No. 18).

Also before the court is defendant's motion to dismiss the initial complaint. (ECF No. 8). Plaintiff responded by filing her amended complaint. (ECF No. 11).

**I.    Background**

This case arises from alleged employment discrimination and retaliation. (ECF No. 1, 11). Plaintiff began salaried employment for defendant on August 22, 2018. (*Id.*). She worked as a tax preparer with twenty years of experience. (*Id.*). Plaintiff alleges that she regularly worked over forty hours a week. (*Id.*).

In January 2019, plaintiff was questioned about issues in her performance. (*Id.*). Plaintiff explained that her husband was very ill and that she was exhausted. (*Id.*). She also disclosed her disability which she describes as "benign chorea." (*Id.*). In March 2019, plaintiff took a week off work due to this disability. (*Id.*). No issues were raised by defendant when she returned. (*Id.*).

**James C. Mahan**
**U.S. District Judge**

In May 2019, plaintiff's husband was hospitalized due to illness. (*Id.*). This occurred again in July 2019. (*Id.*). A member of defendant's human resources team represented to plaintiff that she "did not need to worry about losing her job." (*Id.*).

In August 2019, plaintiff became ill herself and was unable to work. (*Id.*). She was ultimately admitted to a hospital. (*Id.*). Plaintiff informed her supervisor that she would return on September 9, 2019. (*Id.*). In the interim, plaintiff corresponded with her supervisor and was informed that her actions were approved. (*Id.*).

When plaintiff returned to work, she was discharged. (*Id.*). Plaintiff filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC"), alleging retaliation and discrimination on the basis of her age and sex. (ECF No. 11). The EEOC issued plaintiff a right to sue letter. (*Id.*).

Plaintiff initiated the instant action on March 6, 2020. (ECF No. 1). Defendant filed a motion to dismiss, (ECF No. 8), and plaintiff thereafter amended her complaint. (ECF No. 11). In it, plaintiff brings four claims: 1) discrimination based on disability in violation of the Americans with Disabilities Act ("ADA") and NRS 613.330, et seq., 2) retaliation in violation of 42 U.S.C. § 2000e-3 and NRS 613.340, 3) violation of the Family Medical Leave Act ("FMLA"), and 4) violation of the Fair Labor Standards Act ("FLSA").

Defendant now moves to dismiss plaintiff's complaint. (ECF No. 12).

## II.     Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

**James C. Mahan**
**U.S. District Judge**

matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III.  Discussion

As an initial matter, this court strikes lines 44 through 61 of the amended complaint as inappropriate and immaterial to plaintiff's pleadings. (ECF No. 11). There, the amended complaint details an email plaintiff received from defendant's counsel. After this action was

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  initiated, the email presented a settlement offer, but plaintiff's counsel took it as mere threats
2  "which openly accuse[] Ms. McCormick's [c]ounsel of 'extortion' and other improper actions."
3  (*Id.*). Plaintiff claims that the email includes attachments relevant as admissions and a letter
4  headed "For Settlement Purposes only." (*Id.*). This letter and related documents are not
5  presented with the amended complaint. (*Id.*).

6  "The court may strike from a pleading . . . any redundant, immaterial, impertinent, or
7  scandalous matter . . . on its own; or . . . on motion made by a party either before responding to
8  the pleading or, if a response is not allowed, within 21 days after being served with the
9  pleading." Fed. R. Civ. P. 12(f). Although defendant does not specifically invoke this rule, this
10 court interprets its argument that "plaintiff's references to the email are inappropriate and
11 irrelevant" as a motion to strike. (ECF Nos. 12, 18). This court grants defendant's request.

12 This court now examines defendant's motion to dismiss plaintiff's claims. (ECF No. 12).

13 *A. Disability Discrimination Under State and Federal Law*

14 This court finds that plaintiff has sufficiently pled disability discrimination. To establish
15 a prima facie case under the ADA, plaintiff must demonstrate that: "(1) [s]he is disabled within
16 the meaning of the ADA; (2) [s]he is a qualified individual able to perform the essential
17 functions of the job with reasonable accommodation; and (3) [s]he suffered an adverse
18 employment action because of his disability." *Samper v. Providence St. Vincent Med. Ctr.*, 675
19 F.3d 1233, 1237 (9th Cir. 2012). Applicable state law has similar requirements. NRS 613.330
20 et. seq.

21 Drawing all reasonable inferences in favor of the plaintiff, the pleadings detail
22 impairments which substantially limit plaintiff's ability to perform major life activities. *Toyota*
23 *Motor Mtg., Ky., Inc. v. Williams*, 534 U.S. 184, 195 (2002). Plaintiff states in a non-conclusory
24 manner that she has "benign chorea," a condition that has caused fatigue and required
25 hospitalization. (ECF No. 11). Plaintiff missed work due to this underlying condition, and she
26 was fired immediately upon her return. (ECF No. 11). This court can certainly draw a
27 reasonable inference that the plaintiff suffered an adverse employment action because of her
28 disability. *Samper*, 675 F.3d at 1237. The parties do not dispute plaintiff's qualifications or

**James C. Mahan**
**U.S. District Judge**

- 4 -

ability to perform the essential functions of the job with reasonable accommodation. (ECF Nos. 12, 14, 18); *see id.*

Plaintiff's first claim may proceed.

### B. Retaliation Under State and Federal Law

Although plaintiff sufficiently pleads her disability, plaintiff fails to allege unlawful retaliation. Plaintiff alleges that defendant retaliated against her for "inform[ing] Human Resources . . . that she had a disability and/or that her huband was ill and she needed FMLA approved leave to care for him." (ECF No. 11).

Relevant state law makes it unlawful for an employer to discriminate against employees for "oppos[ing] any practice made an unlawful employment practice . . . , or because he or she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing." NRS 613.340(1). Federal law similarly makes it unlawful for employers to discriminate against employees for "oppos[ing] any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203.[1]

"To establish a prima facie case of retaliation under the ADA, an employee must show that: (1) he or she engaged in a protected activity; (2) suffered an adverse employment action; and (3) there was a causal link between the two." *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849–50 (9th Cir. 2004).

Plaintiff fails under the first prong. Plaintiff did not engage in any activities which defendant might have unlawfully retaliated against. Plaintiff does not allege to have requested FMLA leave or opposed defendant's workplace practices before her termination. (*Id.*). Although defendant did not inform plaintiff of the FMLA, plaintiff was not yet eligible for the FMLA when her husband was severely ill. (*Id.*). Plaintiff does not allege to have taken any time

---

[1] Plaintiff's complaint improperly cites 42 U.S.C. § 2000e-3 for this proposition. (ECF No. 11). It is the provision of Title VII that governs unlawful retaliation on the basis of an employee's "race, color, religion, sex, or national origin." (ECF No. (citing 42 U.S.C. § 2000e-2(a)(1)).

James C. Mahan
U.S. District Judge

- 5 -

off for that reason. (ECF No. 11). Instead, plaintiff only took time off due to her own disability and illness—in March 2019 and August 2019. (*Id.*).

This court dismisses plaintiff's second cause of action without prejudice.

C. *Violation of the FMLA*

"To make out a prima facie case of FMLA interference, an employee must establish that (1) [s]he was eligible for the FMLA's protections, (2) h[er] employer was covered by the FMLA, (3) [s]he was entitled to leave under the FMLA, (4) [s]he provided sufficient notice of his intent to take leave, and (5) h[er] employer denied h[er] FMLA benefits to which [s]he was entitled." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014).

This court finds that plaintiff fails to plead the first element. FMLA coverage requires at least 12 months of employment with the relevant employer. 29 U.S.C. §§ 2611–2619(a)(1)(D) (2000). Plaintiff began work for defendant on August 22, 2018, and was terminated on September 9, 2019. (ECF No. 11). Although plaintiff was briefly eligible for the FMLA before her termination, she was not eligible during her husband's hospitalizations. (*Id.*).

Plaintiff's third cause of action is dismissed without prejudice.

D. *Claim under the Fair Labor Standards Act*

Plaintiff claims that she is entitled to an "undetermined amount of overtime pay" under the FLSA. (ECF No. 11). The complaint proceeds to claim that plaintiff was "falsely labeled as a salaried employee," "improperly exempted from the FLSA," and that "[d]efendants [sic] improper classification was fraudulent." (*Id.*). Plaintiff pleads no evidence of these claims. Her complaint describes the general trend of hourly compensation in her role and how several of her coworkers left the job due to the high number of hours and low compensation. (*Id.*).

Ultimately, plaintiff's claim narrowly fails to achieve the minimum: "Although plaintiffs in these types of cases cannot be expected to allege 'with mathematical precision,' . . . they should be able to allege facts demonstrating there was at least one work week in which they worked in excess of forty hours and were not paid overtime wages." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014), *as amended* (Jan. 26, 2015). This requirement is "not an invitation to provide an all-purpose pleading template alleging overtime in

**James C. Mahan**
**U.S. District Judge**

- 6 -

'some or all workweeks.'"  *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013). Plaintiff makes several general claims that she worked greater than forty hours a week. (ECF No. 11). At its most specific, plaintiff alleges that she worked more than forty-five hours a week in "March of 2019." (*Id.*). This court finds this insufficient.

This court dismisses plaintiff's fourth cause of action without prejudice.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss the amended complaint (ECF No. 12) be, and the same hereby is, GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that plaintiff's second, third, and fourth claims (ECF No. 11) be, and the same hereby are, DISMISSED without prejudice.

IT IS FURTHER ORDERED that lines 44 through 61 of plaintiff's amended complaint (ECF No. 11) be, and the same hereby are, STRICKEN.

IT IS FURTHER ORDERED that defendant's motion to dismiss the initial complaint (ECF No. 8) be, and the same hereby is, DENIED as moot.

DATED August 10, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**