CHRISTINA MUNDY-MAMER, ESQ.
Nevada Bar No. 13181
RENEE M. FINCH, ESQ.
Nevada Bar No. 13118
**MESSNER REEVES LLP**
8945 W. Russell Road, Suite 300
Las Vegas, Nevada 89148
Telephone: (702) 363-5100
Facsimile:   (702) 363-5101
E-mail: cmamer@messner.com
            rfinch@messner.com

*Attorneys for Defendant,
Anderson Business Advisors, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA, SOUTHERN DIVISION**

| | |
|---|---|
| KATHLEEN MCCORMICK, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> ANDERSON BUSINESS ADVISORS, LLC, doing business as a domestic limited-liability company, <br><br> Defendants. | Case No. 2:20-cv-00471-JCM-VCF <br><br> **STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER** |

WHEREAS Plaintiff Kathleen McCormick ("Plaintiff') and Defendant Anderson Business Advisors, LLC ("Defendant") believe that discovery conducted during this litigation may involve the disclosure of confidential and/or privileged[1] documents and/or information;

WHEREAS the Plaintiff and Defendant (jointly the "Parties"), by, between, and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown, wish to provide for the confidential treatment of all such Confidential Material (as defined below);

WHEREAS the Parties agree to the entry of an order, pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502, governing the review, copying, dissemination,

---

[1] Plaintiff's sole remaining claim is under the ADA arising out of her employment with Defendant.

and filing of confidential documents and information to be produced by any Party and its respective counsel or by any non-party during the course of discovery in this matter to the extent set forth below;

Subject to the Court's approval, the Parties hereby stipulate and agree to the following protective order:

## I. **DEFINITIONS**

A. DESIGNATING PARTY. "Designating Party" shall mean any person or entity, regardless of whether a Party to this action, who produces Confidential Information (as defined below) in connection with this litigation.

B. RECEIVING PARTIES. "Receiving Parties" shall mean all persons or entities, regardless of whether a Party to this action, who receive Confidential Information in connection with this litigation.

C. CONFIDENTIAL INFORMATION. "Confidential Information" shall mean all documents and testimony, and all information contained therein or derived therefrom, that is:

1. Produced for or disclosed to Receiving Parties;
2. Considered by the Designating Party in good faith to constitute or to contain confidential, proprietary, financial, or otherwise sensitive or privileged information, whether embodied in physical objects, documents, or the factual knowledge of persons, including, but not limited to, medical information, financial information, and privileged communications and work product relating to the Plaintiff's employment with Defendant; and
3. Identified by the Designating Party in the manner described below in Section II.

D. CONFIDENTIALITY LEGEND. "Confidentiality Legend" shall refer to the marking on documents or information with the phrase "CONFIDENTIAL-Subject to Court Order" or "CONFIDENTIAL."

## II. **DESIGNATION OF CONFIDENTIAL INFORMATION**

A.  DESIGNATION. When the Designating Party produces, discloses, or otherwise reveals Confidential Information, any such document, transcript, material, item, or thing deemed to be confidential shall be clearly designated or marked with the appropriate Confidentiality Legend and treated as confidential.

1. In the case of deposition testimony, the designation shall be made by making an oral statement to such effect on the record during the course of the deposition, or by written notification to all Parties within thirty (30) days following receipt of the transcript of such deposition and the exhibits thereto (or later with leave of Court or by agreement among the Parties). Written designation must be made by reference to the specific page(s) and line number(s). Prior to the expiration of such thirty (30) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information.

2. In the case of written documents, including, but not limited to, documentary evidence, affidavits, declarations, statements, written responses to requests for production of documents, and responses to interrogatories or requests for admission, the appropriate Confidentiality Legend shall be placed on each page of any such written documents that contain information deemed by the Designating Party to be Confidential Information.

3. If only a part or portion of a written document warrants protection under this Order, the Designating Party, to the extent practicable, shall identify the protected part(s) or portion(s) and clearly designate or mark the same with the appropriate Confidentiality Legend.

4. If the document, material, item, or thing is stored or recorded electronically, and a

legend cannot be stamped or affixed upon it, the Designating Party may designate or mark the same as "CONFIDENTIAL-Subject to Court Order" or "CONFIDENTIAL" by a cover letter or cover page.

5. Documents produced by third parties shall be deemed Confidential Information for a period of thirty (30) days in order to permit the Parties to review the documents and determine if any portion of the documents shall be designated as Confidential Information. Within the thirty (30) day period, a Party that determines that documents produced by a third party include Confidential Information shall inform all other Parties of the specific documents or information that shall be deemed confidential and provide replacement copies of the Confidential Information that bear the appropriate Confidentiality Legend.

B. TIME FOR MAKING DESIGNATION. Any such designation or marking shall take place prior to production or disclosure by the Designating Party; provided, however, that in the event that any document, material, item, or thing that may contain Confidential Information is made available for inspection by a Party, there will be no waiver of confidentiality by the inspecting of such document, material, item, or thing before it is copied and designated or marked with a Confidentiality Legend, and the inspecting Party shall treat the inspected material(s) as confidential, unless otherwise indicated by the Party permitting inspection.

C. REPRESENTATION BY DESIGNATING PARTY. By designating or marking any document, transcript, material, item, or thing as containing Confidential Information, the Designating Party is certifying to the Court that there is a good faith basis, both in law and in fact, for the designation or marking within the meaning of F.R.C.P. 26(g).

D. WITHDRAWAL OF CONFIDENTIALITY DESIGNATION. A Designating Party may withdraw its previous designation of documents or information as confidential upon written notice to the Receiving Parties and reproduction of the formerly designated documents without a

Confidentiality Legend.

  E.  DISPUTE REGARDING CONFIDENTIALITY DESIGNATION. If, at any time, a Party wishes for any reason to dispute the Designating Party's designation of a document, transcript, material, item, or thing as Confidential Information and/or object to the inclusion of Confidential Information in any pleading, motion, brief, memorandum, or other paper filed with the Court, such Party (the "Disputing Party") shall notify the Designating Party of such dispute, in writing.

    1. The Disputing Party shall, in writing, specifically identify the document, transcript, material, item, or thing designated as Confidential Information that is in dispute, by Bates Number or any other means sufficient to put the other Parties on notice of the information in dispute, and set forth the precise factual and/or legal basis of its dispute with regard to each such document, transcript, material, item, or thing.

    2. The Designating Party shall have fourteen (14) business days to respond. If the Designating Party refuses to remove the Confidential Legend, the Parties must participate in a discovery dispute conference at a mutually agreeable date and time.

    3. If the Parties are thereafter unable to amicably resolve the dispute, the Disputing Party may apply by motion to the Court for a ruling as to whether the designated material may, in accordance with this Order, be properly treated as confidential, provided such motion is made within thirty (30) days from the date on which the Parties, after their good faith attempt, were unable to resolve the dispute, or such other time period as the Parties may agree. The Designating Party shall have the burden of establishing that the disputed document, transcript, material, item, or thing contains Confidential Information entitled to protection under this Order.

  F.  DOCUMENTS AND MATERIALS PREVIOUSLY DESIGNATED CONFIDENTIAL. This Order shall apply to any document, transcript, material, item, or thing

designated as Confidential Information prior to the entry of this Order.

### III.   USE OF CONFIDENTIAL INFORMATION

A.   USE GENERALLY. All Confidential Information shall be used by the Parties, or non-parties to whom Confidential Information is produced, disclosed, or otherwise made available as permitted by this Order, solely for the purposes of this litigation and for no other purpose without prior written approval from the Court or the prior written consent of the Parties. Except as otherwise provided in this Order, Confidential Information shall not be disclosed or revealed to anyone other than as provided under Section IV of this Order, and shall be handled in the manner set forth herein until such Confidentiality Legend is removed by the Designating Party or by order of the Court, as well as any other court which may be handling appeals in this Case.

B.   PROCEDURE. The Receiving Parties must proceed as follows:

1. Store and maintain such Confidential Information in a secure manner, within their exclusive possession and control;
2. Take all measures reasonably necessary and appropriate to maintain the confidentiality of such Confidential Information; and
3. Not permit or participate in the unauthorized production, disclosure, or use of such Confidential Information.

C.   LIMITED PURPOSE. Confidential Information shall be utilized by the Receiving Parties and/or its counsel only for purposes of this litigation and for no other purposes except that the Receiving Parties, if necessary, may show Confidential Information to parties identified in Section IV. Extracts, summaries, copies, abstracts, or other documents, derived in whole or in part from material designated as Confidential Information, shall also be treated as confidential in accordance with the provisions of this Stipulated Order.

D.   FILED DOCUMENTS. Any Party seeking to file with the Court, a pleading, motion, or other paper containing or disclosing such Confidential Information shall request leave to file the

information under seal. The documents and/or information shall be filed under seal and shall bear the legend:

> THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION COVERED BY A PROTECTIVE ORDER OF THE COURT AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT PROTECTIVE ORDER. THE CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT EXPRESS ORDER OF THE COURT.

Any such filing of Confidential Information shall be done in a manner consistent with federal custom and procedures regarding the filing of information under seal. Moreover, said Confidential Information shall be kept under seal until further order of the Court; however, such Confidential Information shall be available to the Court and counsel of record, and to all other persons entitled to receive Confidential Information under the terms of this Order. Upon failure of the filing of lodging Party to properly file Confidential Information under seal, any other Party may do so after learning of the defective filing or lodging. Notice of such action shall be given to all parties.

### IV.    ACCESS TO CONFIDENTIAL INFORMATION.

A.    PERSONS ALLOWED ACCESS TO CONFIDENTIAL INFORMATION. Any information, documents, transcripts, materials, items, or things designated or marked as containing Confidential Information shall not be used or shown, disclosed, revealed, disseminated, copied, or in any way communicated to any person or entity for any purpose whatsoever; provided, however, that Confidential Information may be disclosed, revealed or otherwise made available to the following recipients:

1. Personnel of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein;
2. Counsel for the Parties to this action and their associated attorneys, paralegals, and other professional personnel (including support staff) who are directly assisting

such counsel in the preparation of this action for trial or other proceeding herein, and are under the supervision or control of such counsel;

3. Expert witnesses or consultants (and their associated personnel and staff) retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein;

4. The Court and its personnel, jurors, and alternate jurors;

5. An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer;

6. Outside photocopying, graphic production services, or litigation support services;

7. Trial and deposition witnesses; and

8. Any other person or non-party as to whom the Parties to this Order agree in writing may be given access to any discovery material(s) containing Confidential Information.

Notwithstanding the foregoing, if Confidential Information is disclosed to a witness, expert, or other third party pursuant to subparagraphs (3), (7), or (8), the witness, expert, or third party must execute the "Acknowledgment and Agreement to Be Bound," attached hereto as Exhibit A, prior to the disclosure of any Confidential Information to such witness, expert, or third party. The executed Acknowledgment and Agreement to be Bound must be disclosed to all Parties by no later than: (a) for testifying experts - the date of the disclosure of the expert's report; (b) for deposition or trial witnesses - the date of the deposition and/or the offering of testimony at trial, prior to the disclosure of the Confidential Information; and (c) for all other third parties - at least 7 days prior to the disclosure of the Confidential Information. With regard to the disclosure to witnesses and other third parties, under subparagraphs (b) and (c) in the preceding paragraph, the Designating Party shall have five (5) business days from receipt of the Acknowledgment and Agreement to Be Bound to serve a

written objection to disclosure and/or a request for further information. Any written objection shall state with specificity the reason(s) for such objection. No disclosure of Confidential Information may be made to the witness or third party until the Designating Party's objection is resolved by agreement of the Parties or court order.

If the Designating Party requests further information, the Party intending to disclose or reveal the Confidential Information must, within 10 business days of the request, provide the Designating Party with the following: (a) the specific Confidential Information intended to be disclosed or revealed; and (b) the general purpose for making the disclosure to the witness or other third party.

Within five (5) days of receipt of the objection, the Parties shall meet and confer to attempt to resolve the objection. If an agreement is not reached, the Party proposing disclosure to the witness or other third party may file a motion seeking permission to make the disclosure of Confidential Information. On any such motion, the Designating Party shall bear the burden of showing why disclosure to the witness or other third party should be precluded.

If a Party wishes to disclose Confidential Information to a consultant or consulting expert, the consultant or consulting expert must execute the Acknowledgment and Agreement to Be Bound prior to disclosure of the Confidential Information, a copy of which must be maintained by counsel for the Party. The consultant's or consulting expert's Acknowledgment and Agreement to Be Bound need not be disclosed to the other Parties except upon agreement of the Parties or court order.

B.     ENDORSEMENT OF STIPULATION AND PROTECTIVE ORDER. All persons or entities obtaining, receiving, or being given access to Confidential Information, in accordance with the terms and conditions of this Order, consent to the continuing jurisdiction of the Court for the purpose(s) of enforcing this Order and/or remedying any violations thereof.

**V.     INADVERTENT PRODUCTION OF CONFIDENTIAL INFORMATION WITHOUT A DESIGNATION**

A.     In the event a Designating Party inadvertently produces documents or information that

it considers to be or to contain Confidential Information, without having first designated the material as such, the Designating Party may so designate it. Within thirty (30) days of learning of the inadvertent production of such material (or later with leave of Court or by agreement among the Parties), the Designating Party must give written notice to all Parties that it claims that the material is or contains Confidential Information, in whole or in part. Upon such notice, the Designating Party shall provide all Parties who have received a copy of such materials with a replacement copy marked with the Confidentiality Legend. All Parties receiving the replacement copy shall promptly destroy, sequester, or return to the Designating Party, the unmarked copy of the material.

## VI.   RESERVATION OF RIGHTS

A.   Notwithstanding the foregoing, this Order shall not be construed:

   1. To apply to any document(s) or information that has been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Parties; or

   2. To apply to any document(s) or information that, under law, has been declared to be in the public domain.

B.   Producing or receiving documents and other information in accordance with this Order or failing to object thereto, shall not:

   1. Constitute a waiver by any person or Party of any right to object to or seek a further protective order with respect to any request for information in this or in any other action;

   2. Operate as an admission by any Party that any particular documents or other information comprise or reflect trade secrets, proprietary information or any other type of confidential information;

   3. Prejudice or waive in any way, the rights of the Parties to object to the production of documents they consider not subject to discovery for any reason other than the

confidentiality of the documents;

4. Prejudice or waive in any way, the rights of any Party to object to the authenticity, relevancy, or admissibility into evidence of any document, testimony, or other evidence subject to the Stipulated Order; or

5. Prejudice or waive in any way, any claim or defense with respect to the proceeding.

C. Nothing in this Order shall prevent any Party from using or disclosing its own documents or information.

D. In the event that disclosure of any Confidential Information is sought from anyone who is subject to this Order pursuant to a lawful subpoena, demand by governmental authority or their legal process, such person or entity shall, upon receipt of such request, notify the Designating Party within seven (7) days of the request for disclosure. The Designating Party may then seek to prevent disclosure by filing a motion for protective order or take other appropriate action and, if so, the Confidential Information shall not be disclosed until the Designating Party's objection and/or motion for protective order has been resolved by agreement of the Parties or court order.

E. This Order may be modified or amended by agreement of all parties, subject to approval by the Court, or by order of the Court for good cause shown.

F. This Order shall not act as a shield for any person or entity to refuse to disclose any information that it is, by law, rule, and/or court order, obligated to disclose.

G. This Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this Order shall prohibit or interfere with the ability of counsel for any Party, or of experts specially retained for this case, to represent any individual , corporation, or other entity adverse to any Party of its affiliate(s) in connection with any other matters.

H. In the event that any person or entity subject to this Order violates or gives reason to believe that he or she will violate this Order, the aggrieved Party shall be entitled to petition the Court

for an appropriate remedy.

## VII. DURATION OF ORDER

A. Absent prior written consent of all Parties, the terms and conditions of this Order shall survive and remain in effect after the termination of this Case, including any appeals, except that:

1. There shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and

2. A Party may seek the written permission of the Designating Party or further order of the Court with respect to dissolution or modification of this Order.

B. This Order shall be binding upon the Parties, their counsel, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or entities over which the Parties have control or which purport to act on the Parties' behalves.

(*Remainder of Page Intentionally Left Blank*)

C. The Court shall retain continuing jurisdiction to enforce this Order, make any such amendment(s), modification(s) and/or alteration(s) to this Order as may be appropriate, and/or resolve any dispute(s) arising out of or concerning the use, production and/or disclosure of Confidential Information as provided under this Order.

DATED this 22nd day of October 2020.

By: :*/s/ Phillip J. Trenchak, Esq.*
Philip J. Trenchak, Esq.
Nevada Bar No. 9924
Victoria C. Mullins, Esq.
MULLINS & TRENCHAK, Attorneys at Law
1614 S. Maryland Parkway
Las Vegas, Nevada 89104

*Attorneys for Plaintiff*

DATED this 22nd day of October 2020.

By:*/s/ Christina Mundy-Mamer*
Christina Mundy-Mamer, Esq.
Nevada Bar No. 13181
Renee M. Finch, Esq.
Nevada Bar No. 13118
8945 W. Russell Road, Suite 300
Las Vegas, Nevada 89148

*Attorneys for Defendant,
Anderson Business Advisors, LLC*

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 10-23-2020 _____

**EXHIBIT A**

# **ENDORSEMENT OF STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

I, _____(print or type name), hereby acknowledge and certify that I have received and read in its entirety a copy of the Stipulated Confidentiality Agreement and Protective Order (the "Order") entered on the _____ day of _____, 2020, in the matter entitled McCormick v. Anderson Business Advisors, LLC, Case No. 2:20-cv-00471-JCM-VCF (the "Case"), which is pending before the U.S. District Court in the District of Nevada (the "Court").

I understand the terms and conditions of the Order, agree to comply with and be bound by all of its provisions, and consent to the continuing jurisdiction of the Court with respect to enforcement of the Order, even if such enforcement proceeding(s) occur after the case is terminated. I further acknowledge that failure to comply with the terms and/or conditions of the Order could expose me to sanctions and punishment in the nature of contempt.

I agree that I shall not use or disclose any Confidential Information (as defined in the Order) for any purpose other than as provided in the Order. I will maintain any Confidential Information in a safe and secure manner.

DATED this _____ day of _____, 2020

_____
Signature

_____
Printed Name

_____
Company

_____
Street Address

_____
City, State Zip Code

_____
Phone Number